Mr. Justice Bobb
delivered the opinion of the Court:
Succinctly stated, the case presented is this: Mr. Bride purchased Hunter’s interest, whatever it may have been, in lots 4 and 5, and, for reasons of his own, caused the deed to be executed to Gassaway, who was financially irresponsible. This deed Mr. Bride placed on record. Gassaway, by Bride’s direction and for his benefit, brought suit to perfect the title. The Mayse petition to be made defendant as to lot 4 followed, and the suit was discontinued as to that lot, Mr. Bride preferring to have Gassaway litigate that title in the Mayse suit (Gassaway representing Bride), the result being a decree in her favor for ■the lot and for the costs. Mr. Bride, in his bill, admits re *235 ■sponsibility for the payment of those costs. -Regardless of his -admission, there can be no question as to his liability under the facts disclosed. He was the real, Gassaway the nominal, •defendant. Having full knowledge of all that had been done, Mr. Bride nevertheless neglected to pay the costs he should have paid, merely recording his deed from his agent and trustee, Gassaway, two days prior to said sale by the marshal. He then sat by, permitted the sale to take place, and, when an attempt was made almost a year later to compel him to pay these •costs, he still avoided payment. He now comes into a court of -equity and.seeks its aid. Why ? To undo what resulted from his own dereliction and negligence. A court of equity is not thus to be trifled with. If Mr. Bride is now liable for the ■costs of the Mayse suit, and he admits and we have said that he is, he was equally liable when the judgment for costs was entered; and that judgment, under sec. 1214 of the Code [31 Stat. .at L. 1381, chap. 854], became a lien upon whatever equitable interest he held in said lot 5. Had a different proceeding been instituted against that interest, Mr. Bride would have had no .ground whatever for complaint. His quarrel, therefore, is solely with the form of the remedy pursued. He admits liability, admits dereliction, but nevertheless seeks to have the marshal’s sale set aside, because Green, the purchaser, knew Gassaway was a mere trustee, and because, two days before the sale, Bride recorded his deed. On the face of the record, at the time of the ■marshal’s sale the proceedings were regular and proper. The judgment for costs was against Gassaway, and the levy resulting from said judgment attached prior to the recording of the Bride deed. American Sav. Bank v. Eisminger, 35 App. U. C. 51. The forms of law having been followed, we are not concerned, in the absence of any allegation of fraud, as to the ■Amount realized by the sale.
Under the present contention of Mr. Bride, the judgment ■for costs was really against him, and yet he stood by and did .absolutely nothing for almost two months after that judgment was rendered, and then, instead of paying the judgment, recorded his deed. He now seeks the aid of a court of conscience *236 to have undone something which he admits should have been, done, but in a different way. Equity looks to substance, and not to form, and will not lend its aid to one whose sole ground for seeking such aid is based upon a technicality. Courts of equity are established to do justice in cases where an adequate remedy at law may not be had, and they should seek to do ultimate justice in all cases. They are not established, and will not permit themselves to be used, for the purpose of assisting litigants, either directly or indirectly, in avoiding just responsibility for their own obligations, acts of omission or commission, or the consequences thereof. We hold, therefore, that the conduct of the appellant was such as to estop him from seeking relief at our hands.
Decree affirmed, with costs. Affirmed.